IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

NOAH P. HEASER,

                Defendant.

ORDER

05-cr-125-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the revocation of Noah P. Heaser's supervised release was held in this case on March 6, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Peter Jarosz, Assistant United States Attorney. Defendant was present in person and by counsel, Erika Bierma. Also present was United States Probation Officer Traci L. Jacobs.

      From the record and defendant's stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the District of Minnesota on March 21, 2005, following his conviction for mail fraud in violation of 18 U.S.C. § 1342. This offense is a Class D

1

felony.  Defendant was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of five months, with a 36-month term of supervised release to follow.  As a special condition of supervised release, defendant was to pay restitution in the amount of $136,967.10 in payments of not less than $100 a month to be made over a period of three years, beginning 30 days after his release from confinement.

Jurisdiction was transferred to the Western District of Wisconsin on August 24, 2005.  Defendant began his term of supervised release on September 16, 2005.

I find from defendant's stipulation that he violated the monetary condition directing him to submit monthly payments of no less than $100 each month.  Defendant failed to pay his $100 court-ordered monthly restitution obligation from November 2005 through July 2006, from September 2006 through April 2007, in July 2007, and again from November through December 2007.  After a financial investigation, the U.S. Probation Office concluded that defendant had the ability to pay his restitution obligation each month.

I find from defendant stipulation that he violated Standard Condition No. 11, requiring him to notify the probation officer within seventy-two hours of an arrest or questioning by a law enforcement officer.  On February 6, 2008, the La Crosse, Wisconsin, Police Department issued a citation to defendant for operating after suspension and a warning for speeding on a city highway (driving 11 to 15 mph over the limit).  Defendant failed to report this police contact to the U.S. Probation Office.

Defendant's conduct falls into the category of a Grade C violation. Upon finding a Grade C violation, I have the discretion to revoke supervised release, extend the term of supervised release, or modify the conditions of release, as provided by §7B1.3(a)(2) of the sentencing guidelines policy statement for violations of supervised release.

## CONCLUSIONS

Defendant failed to make restitution payments in accordance with his court order although he has the ability to do so. He failed to inform his probation officer of his contact with law enforcement as required. These violations of his supervised release conditions warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on March 21, 2005, will be revoked.

Defendant's criminal history category is I. With a Grade C violation and a criminal history category of I, he has an advisory guideline term of imprisonment of 3 to 9 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than three years if the offense for which a defendant was sentenced previously was a Class D felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. This sentence is

3

intended to hold defendant accountable for his violations and to deter him from future criminal acts.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on March 21, 2005, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of nine months. An 18-month term of supervised release shall follow. The previous order of restitution remains in effect. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement. All standard and special conditions of supervised release previously imposed shall remain in effect with the exception of the special condition ordering 150 days of home detention.

The following special conditions of supervision are appropriate. Defendant is to

1) Conduct no financial transactions of $500 or more, directly or indirectly, without the permission of the supervising probation officer;

2) Not engage in any self-employment, work for an immediate family member or accept any work or payment of services on a contractual basis;

3) Provide copies of all federal and state income tax returns to the probation officer and provide the officer with proof of timely filings of all tax returns. Defendant will apply 100 percent of his yearly federal and state tax refunds toward payment of restitution.

4)	Submit his person, residence, office or vehicle to a search conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of a violation of a condition of supervised release; failure to submit to a search may be a ground for revocation; defendant shall notify any other residents that the premises he is occupying may be subject to searches pursuant to this condition.

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Defendant is neither a flight risk nor a danger to the community. Accordingly, execution of the sentence of imprisonment is stayed until March 27, 2008, between the hours of noon and 2:00 p.m., when defendant is to report to an institution to be designated by further court order. The conditions of supervised release remain in effect.

Entered this 6th day of March, 2008.

BY THE COURT:

_____/s/_____
BARBARA B. CRABB
Chief District Judge